**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SAIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 5495 |
| | ) | |
| THOMAS DART, Sheriff of Cook County, | ) | Judge Jorge L. Alonso |
| RONALD TOWNSEND, JORELLE | ) | |
| ALEXANDER, and COOK COUNTY, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions to dismiss the amended complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motions are granted.

## BACKGROUND

John Saiger sues Thomas Dart, the Sheriff of Cook County; Cook County; Ronald

Townsend, the chief dentist at the Cook County Jail; and Jorelle Alexander, the assistant director

of oral health for Cook County Health and Hospital Systems, under 42 U.S.C. § 1983 for their

alleged violations of his Fourteenth Amendment rights. The amended complaint alleges that

Saiger entered the Cook County Jail (the "Jail") on March 13, 2013. (Am. Compl. ¶ 9.) Within

two weeks, Saiger began to experience "severe tooth pain," and he submitted several Health

Service Request ("HSR") forms for dental care. He did not receive a response to his initial

requests. Thereafter, he submitted several grievances that indicated his need for immediate

dental care. (*Id.*) Saiger was first seen by a dentist in September 2013, when he was diagnosed

with a serious dental condition requiring follow-up care within a week. (*Id.* ¶ 10.) Evidently,

that treatment was not provided, and, according to plaintiff, the delay in care resulted in "gratuitous dental pain until January 2014." (*Id.*)

Plaintiff alleges that "[s]tarting in at least 2009," defendants Dart, Cook County, and Townsend "have acted in deliberate indifference to the clearly established rights of prisoners at the Cook County Jail to receive timely and appropriate dental care, which is at issue in a class action known as *Smentek v. Sheriff of Cook County*, 09 CV 529." (*Id.* ¶ 7.)[1] He further alleges that since at least 2013, defendants Townsend and Alexander "were aware of the Jail's ineffective scheduling of dental appointments, the inadequate grievance process, and the ineffective Health Service Request Forms" with regard to access to dental services and that those defendants "failed to correct the Jail's deliberately indifferent policy for treating serious dental pain and . . . caused plaintiff Saiger to suffer gratuitous untreated dental pain." (*Id.* ¶ 8.) Plaintiff seeks compensatory and punitive damages and an award of attorney's fees and costs. (*Id.*, Prayer for Relief.)

Defendants Dart, Townsend, and Alexander move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### A.    Legal Standards

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2)

---

[1]Plaintiff has opted out of the class that Judge Lefkow certified in *Smentek*, an action pertaining to the alleged denial and delay of dental care at the Jail.

must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570, 556 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## B.    Defendant Dart's Motion

The complaint alleges that defendant Dart is responsible for the movement of detainees as well as the Jail's grievance procedure and that although plaintiff submitted several HSR forms and grievances complaining about an urgent need for dental care, he was not seen by a dentist until about five to six months later. (Am. Compl. ¶¶ 3, 9-10.) Dart contends that he is not responsible for the dental care provided to detainees, plaintiff fails to allege "any bad conduct" with respect to Dart's responsibilities, and plaintiff "does not and cannot allege that his grievances were ignored, that the Sheriff refused to transport him to his appointments, or that he was not kept safe during any such transfers that did occur." (Dart's Mem. 3-4.) Dart also notes that the complaint fails to state whether he is sued in his individual or official capacity. (*Id.* 5.)

Plaintiff responds that he is suing Dart in his official capacity for depriving plaintiff of access to dental care. He also elaborates on his factual allegations and submits copies of grievances that he filed on June 5, 2013 and December 1, 2013 to obtain dental care.[2] (Pl.'s Mem., Ex. 1.) He contends that Dart responded to the June grievance by stating that plaintiff was scheduled for a June 25, 2013 dental appointment, yet plaintiff was not brought to the dental clinic on June 25 and in fact did not see a dentist until September 13, when plaintiff "was eventually moved by [Dart] to a divisional dental clinic." (Pl.'s Mem. 2.) During the September 13 appointment, plaintiff was diagnosed with a serious dental condition "and was instructed to return to the dental clinic within one week for a tooth extraction." (*Id.*) Dart, however, did not move plaintiff to the dental clinic within one week, and plaintiff was not seen in the dental clinic again until January 2014, after he had filed the December 1 grievance. (*Id.* 3.) Plaintiff further states that Dart is responsible for moving detainees to health care areas and facilitating access to care and that he "seeks to hold [Dart] liable under *Monell* [*v. New York City Department of Social Services*, 436 U.S. 658 (1978)] as a result of the policies at issue in *Smentek*, that [Dart] and [Cook] County fail to provide timely dental care to prisoners at the Jail." (*Id.*)

In reply, Dart argues that plaintiff's additional allegations "show" that Dart "did not intentionally or recklessly disregard Plaintiff's issues and that [Dart] is not the correct defendant." (Dart's Reply 5.) Dart maintains that plaintiff's grievances "indicate that [Dart] did not fail to take [plaintiff] to his appointments, but rather his appointments were rescheduled by

---

[2]In opposing a Rule 12(b)(6) motion to dismiss, a plaintiff may elaborate on his allegations, as long as the elaborations are consistent with the pleadings, and submit materials outside the pleadings to illustrate facts he expects to be able to prove. *See, e.g.*, *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Cermak [Health Services], a County entity." (*Id.*) The Court is unpersuaded. The grievances do not show that Dart did not fail or refuse to take plaintiff to his appointments. The Court can infer from the responses to the grievances that the appointments were not kept and were then rescheduled but is unable to determine why. One grievance response, dated July 1, 2013, simply says, "[m]oved divisions" and contains a new July 5, 2013 appointment date (which, the Court can infer from plaintiff's allegations, also was not kept). (Pl.'s Mem., Ex. 1.) "Moving" plaintiff would be within the realm of Dart's responsibilities. It is not at all clear, as Dart contends, that the matter is as simple as "Dart rel[ying] on Cermak [Hospital]'s medical judgment with respect to scheduling and rescheduling of Plaintiff's dental treatment."[3] (Dart's Reply 7.) Dart's argument also fails to address plaintiff's allegation that the HSR forms he submitted were ignored. The parties can explore these matters in discovery.[4]

Dart fares better when it comes to the policy prong of plaintiff's *Monell* claim. Dart can be held liable under *Monell* only if he deprived plaintiff of his constitutional rights pursuant to a policy, custom, or practice. *See* 436 U.S. at 694-95. The complaint fails to plead factual content that allows the Court to draw the reasonable inference that Dart maintained a custom, policy or practice that violated plaintiff's rights; indeed, it does not even describe any alleged policy, custom, or practice. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff's vague reference to *Monell* in his response provides little clarification; the Court and

_____

[3]Moreover, even if Dart deferred to the treatment decisions of the medical professionals at the County's Cermak Hospital, he could still be held liable if his decision to defer to the County was itself deliberately indifferent. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

[4]Dart also mentions the additional facts about grievance procedures set forth in plaintiff's response and "request[s] the Court grant Defendant[] the opportunity to rebut those claims." (Dart's Reply 7 n.2.) It is unclear what Dart is requesting, but "rebuttal" of plaintiff's claim will come at the summary judgment or trial stage.

Dart should not have to refer to *Smentek* to determine what alleged policy or practice is at issue in this action. Dart asserts that to the extent plaintiff seeks to challenge the grievance policies and procedures at the Jail, such a claim would not be actionable under § 1983. (Dart's Reply 7.) It does not appear, however, that plaintiff is attempting to assert a *Monell* claim based strictly on allegedly inadequate grievance procedures. Rather, plaintiff seems to assert that Dart had a practice that failed to acknowledge violations of plaintiff's rights that came to his attention via the HSR and grievance process and/or failing to transport detainees to their dental appointments that were necessary to address severe dental pain. But that is a very generous reading of plaintiff's response, and the complaint as it stands is insufficient.

The Court grants Dart's motion to dismiss without prejudice for failure to plausibly allege a custom or practice that allegedly violated plaintiff's Fourteenth Amendment rights. Plaintiff is given leave to file a second amended complaint. If he chooses to do so, that complaint should include the additional allegations set forth in plaintiff's brief, clarify that plaintiff is suing Dart in his official capacity, and put Dart on notice of exactly what policy, custom, or practice is alleged to have caused plaintiff's injuries.

## C.     Defendants Townsend and Alexander's Motion

The amended complaint does not allege that Townsend and Alexander were personally involved with plaintiff's dental care. Rather, the claim against them is based on their supervisory roles and alleges simply that they knew about the Jail's "deliberately indifferent policy for treating serious dental pain" and failed to correct it, thus causing plaintiff unnecessary pain. (Am. Compl. ¶ 8.) Townsend and Alexander contend that this allegation is insufficient to state a claim that they were deliberately indifferent to plaintiff's serious medical needs. The Court agrees. "[L]iability under § 1983 arises only when the plaintiff can show that the

6

defendant was personally responsible for a deprivation of a constitutional right." *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 811 (7th Cir. 2000) (internal quotation marks omitted). In response, plaintiff cites *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011), which actually cuts against him. *Arnett* states that a supervisory official "satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id.* at 757.

Plaintiff's claim against Townsend and Alexander appears to be somewhat like a *Monell* claim, but plaintiff fails to allege that Townsend or Alexander are policymakers. Plaintiff also fails to identify any conduct by a subordinate of Townsend or Alexander that allegedly caused plaintiff injury and to which the defendants allegedly turned a blind eye. The allegations do not plausibly suggest that Townsend or Alexander was deliberately indifferent to plaintiff's plight. Accordingly, the claims against them will be dismissed without prejudice.

## CONCLUSION

The motion of defendant Thomas Dart to dismiss the amended complaint [28] is granted. The motion of defendants Ronald Townsend and Jorelle Alexander to dismiss the amended complaint [37] is granted. The amended complaint is dismissed without prejudice. Plaintiff is given leave to file by April 17, 2015 a second amended complaint that cures the deficiencies identified by the Court. This case is set for a status hearing on April 22, 2015 at 9:30 a.m.

**SO ORDERED.**                                    **ENTERED:**   **March 26, 2015**

_____
**JORGE L. ALONSO**
**United States District Judge**