IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John Saiger, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| -*vs*- | ) | 13 C 5495 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | *(Judge Alonso)* |
| Ronald Townsend, Jorelle Alexander, | ) | |
| and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants* | ) | |

## SECOND AMENDED COMPLAINT

Pursuant to leave of Court, plaintiff files this amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. Section 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343.

2. Plaintiff is a resident of the Northern District of Illinois.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity.

4. Defendant Cook County is responsible, in collaboration with Sheriff, for providing dental services to detainees at the Cook County Jail.

5. Defendant Ronald Townsend was at all times relevant employed by Cook County as the Director of Dental Services at the Jail. Plaintiff sues Townsend in his individual capacity.

6. Defendant Jorelle Alexander was at all times relevant the Assistant Director of Oral Health for Cook County and its Health and Hospital Systems. Plaintiff sues Alexander in her individual capacity.

7. Plaintiff entered the Cook County Jail as a pre-trial detainee on March 13, 2013.

8. Plaintiff suffered an injury to his lower right wisdom tooth on March 23, 2013 and began to experience severe tooth pain.

9. At all times relevant, an express policy of the Sheriff of Cook County and Cook County required a detainee, who was experiencing severe tooth pain, to submit a "Health Service Request Form" ("HSRF").

10. Plaintiff submitted several Health Service Request Forms complaining of his severe tooth pain in March and April of 2013.

11. At all times relevant, an express policy of the Sheriff of Cook County and Cook County required medical personnel to pick up and review Health Service Request Forms each weekday. The express policies also required that any HSRF complaining about dental pain would result in a face to face assessment by a registered nurse or higher level practitioner.

12. The actual practice at the Cook County Jail was different from the express policy described in paragraph 11 above: Health Service Request Forms would be picked up occasionally and would not be reviewed. Moreover, a registered nurse or higher level practitioner would not conduct face to face assessments of any HSRF complaining about dental pain.

13. Defendants Sheriff and Cook County learned about the deficiencies in the collection and review of Health Service Request Forms complaining about dental pain from the report of the Medical Monitor in *United States v. Cook County,* 10-cv-2946. As the medical monitor made plain to defendants Sheriff and Cook County in 2011:

> We learned that because of the breakdown in the collection, triaging and consistency of response to sick call requests, there is an impact felt on the dental program, in that patients whose complaint is dental pain may have their assessment by a nurse delayed for a period of days, thus patients are incurring avoidable suffering.

14. Defendants Sheriff and Cook County turned a blind eye to the "avoidable suffering."

15. In his report of August 30, 2013, the Medical Monitor in *United States v. Cook County,* 10-cv-2946 stated as follows:

> We interviewed inmates in the tiers whose primary concern was that once they submitted an HSR, it took weeks to be seen. Many inmates also complained about lack of timely access to dental services.

16. Defendants Sheriff and Cook County continued to turn a blind eye to the "avoidable suffering" of detainees at the Cook County Jail after being placed on notice of this problem by the Medical Monitor in August of 2013.

17. In his report in August, 2014, the Medical Monitor in *United States v. Cook County,* 10-cv-2946 found that there continued to be "inadequate treatment of dental pain and delayed access to dental services" at the Cook County Jail.

18. Plaintiff did not receive any treatment for his severe dental pain until April 22, 2013, when a physician's assistant prescribed an over the counter analgesic.

This medication provided relief for plaintiff's back problems but did not relieve plaintiff's severe tooth pain.

19. At all times relevant, an express policy of the Sheriff of Cook County and Cook County permitted any detainee who was experiencing untreated dental pain to submit a detainee grievance. The express policy provided that the grievance would be reviewed by an employee of the Sheriff known as a "correctional rehabilitation worker" and then transmitted to a person employed by defendant Cook County to process grievances.

20. In June of 2013, the actual practice of the person employed by Cook County to process grievances was to review the grievance and ask the scheduling department to set up a dental appointment for the grievant. Neither the person processing grievances nor the scheduling department afforded any priority to a detainee, like plaintiff, who had filed a grievance complaining of unbearable dental pain. Instead, the scheduling department assigned the detainee to the next available appointment, which would be at least two weeks in the future.

21. At all times relevant, defendants Sheriff and Cook County were aware of the manner in which dental grievances were being processed and knew that the grievance process did not allow for a grievant to be seen on an emergency or expedited basis. Defendants Sheriff and Cook County also knew that, in 2013, there would be at least a two week wait before the next available dental appointment.

22. Defendants Sheriff and Cook County turned a blind eye to the delay in providing a dental appointment to a person who had filed a grievance complaining of severe dental pain.

23. On June 5, 2013, plaintiff submitted a grievance complaining that he had been in severe pain since March 23, 2013.

24. In accordance with the widespread practice at the Cook County Jail, a CRW did not pick up plaintiff's grievance until June 7, 2013.

25. No action of any sort was taken on plaintiff's grievance until June 10, 2013, when it was received by the Sheriff's grievance section.

26. The Sheriff's grievance section sent plaintiff's grievance to Defendant Cook County's "program service department," where it was received on June 11, 2013.

27. Defendant Cook County's "program service department" responded to plaintiff's grievance by scheduling a dental appointment for him on June 25, 2013.

28. In 2013, defendant Sheriff of Cook County employed a system to identify detainees who required transportation from their housing unit to the dental clinic.

29. In 2013, defendant Sheriff of Cook County had actual notice that the above referred system did not work when, after the appointment had been made, the Sheriff assigned the detainee to a different housing unit than the one in which he (or she) had been assigned when the appointment was made. The Sheriff refused to adopt an obvious correction to this problem, by requiring a check of any scheduled dental appointments before moving a detainee from one housing unit to another.

30. As a result of the above described practice, plaintiff was not transported to his dental appointment on June 25, 2013 and was not seen by a dentist until September 13, 2013.

31. Plaintiff suffered extreme pain while waiting to see the dentist.

32. The dentist who examined plaintiff on September 13, 2013 concluded that plaintiff required an extraction. The dentist prescribed over the counter pain medication and antibiotics and scheduled plaintiff for a "priority" return appointment for September 20, 2013 for an extraction.

33. In accordance with a widespread practice of defendant Cook County's scheduling department, the "priority" return appointment scheduled by the dentist on September 13, 2013 was ignored by the scheduling department at the Cook County Jail.

34. Starting in August of 2013, defendant Townsend became personally responsible for reviewing all detainee grievances complaining of dental pain.

35. Defendant Townsend learned about plaintiff's untreated dental pain and need for an extraction on September 19, 2013.

36. Defendant Townsend, as the Director of Dental Services, had the power to schedule plaintiff for immediate dental care; after reviewing plaintiff's grievance, and learning about plaintiff's untreated dental pain, Townsend turned a blind eye to plaintiff's plight and refused to take any action.

37. As the direct and proximate result of Townsend's decision to ignore plaintiff's need for dental services, plaintiff continued to experience severe dental pain until he was finally seen by a dentist on December 20, 2013.

38. In September of 2013, defendant Alexander learned that the scheduling process for dental appointments at the Cook County Jail was delaying essential dental treatment and thereby causing detainees to experience unnecessary pain.

39. As the director of oral health, defendant Alexander had the power to order changes to the scheduling process and cause detainees at the Jail to receive timely dental appointments.

40. Defendant Alexander turned a blind eye to the problems in the scheduling process for dental appointments at the Jail and thereby caused plaintiff to experience unnecessary pain.

41. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States.

42. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment for an appropriate award of compensatory damages be entered against each defendant and that appropriate punitive damages be awarded against defendants Townsend and Alexander.

/s/ Patrick W. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, IL 60643
(773) 233-7900

Kenneth N. Flaxman
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604

*Attorneys for Plaintiff*