IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SAIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 5495 |
| | ) | |
| THOMAS DART, Sheriff of Cook County, | ) | Judge Jorge L. Alonso |
| RONALD TOWNSEND, JORELLE | ) | |
| ALEXANDER, and COOK COUNTY, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion of defendant Thomas Dart is granted in part and denied in part, and the motion of defendants Ronald Townsend and Jorelle Alexander is granted.

**BACKGROUND**

John Saiger sues Thomas Dart, the Sheriff of Cook County; Cook County; Ronald Townsend, the chief dentist at the Cook County Jail (the "Jail"); and Jorelle Alexander, the director of oral health for Cook County Health and Hospital Systems, under 42 U.S.C. § 1983 for their alleged violations of his Fourteenth Amendment rights. The Second Amended Complaint[1] alleges that Saiger entered the Jail as a pretrial detainee on March 13, 2013. (Second Am. Compl. ¶ 7.) Within two weeks, Saiger began to experience "severe tooth pain," and he

---

[1]The Court previously granted defendants' motions to dismiss the amended complaint and gave plaintiff leave to file a second amended complaint. (R. 51, Mem. Op. & Order.) The Court assumes familiarity with its prior opinion.

submitted several Health Service Request ("HSR") forms complaining of that pain. (*Id*. ¶ 10.) He did not receive any treatment until April 22, 2013, when a physician's assistant prescribed an over-the-counter analgesic. (*Id.* ¶ 18.) On June 5, 2013, Saiger submitted a grievance stating that he had been in severe pain since March 23, 2013, and a dental appointment was scheduled for him for June 25, 2013, but he was not transported to that appointment and was not seen by a dentist until September 13, 2013. (*Id.* ¶¶ 23, 27, 30.) The dentist determined that an extraction was necessary, prescribed over-the-counter pain medication and antibiotics, and scheduled plaintiff for a "priority" return appointment for an extraction on September 20, 2013. (*Id.* ¶ 32.) However, Cook County's scheduling department "ignored" this appointment, and Saiger continued to experience severe dental pain until he was finally seen by a dentist on December 20, 2013. (*Id.* ¶¶ 33, 37.)

Defendants Dart, Townsend, and Alexander move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

**A.     Legal Standards**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient

2

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570, 556 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

**B.     Defendant Dart's Motion**

The Court dismissed plaintiff's previous complaint as to Dart because plaintiff failed to plead factual content that allowed the Court to draw the reasonable inference that Dart maintained a policy, custom, or practice that violated plaintiff's rights, as required to state a claim under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). (R. 51, Mem. Op. & Order at 5-6.) The Court indicated that any amended claim against Dart should put Dart on notice of exactly what policy, custom, or practice is alleged to have caused plaintiff's injury.

The Second Amended Complaint alleges the following regarding Dart. At all relevant times, the Sheriff had an express policy that required medical personnel to pick up and review HSR forms each weekday. (Second Am. Compl. ¶ 11.) The Sheriff also had an express policy pursuant to which any HSR form that contained a complaint about dental pain would result in a face-to-face assessment "by a registered nurse or higher level practitioner." (*Id.*) The actual practices, however, were different: HSR forms were picked up only occasionally and were not

3

reviewed, and a registered nurse or higher-level practitioner did not conduct face-to-face assessments with regard to HSR forms containing complaints about dental pain. (*Id*. ¶ 12.)

In 2011, Dart had learned about the deficiencies in the collection and review of HSR forms complaining of dental pain from the report of the medical monitor in *United States v. Cook County*, 10 CV 2946 (N.D. Ill.). (*Id.* ¶ 13.) The medical monitor continued to report on these deficiencies in August 2013 and August 2014. (*Id.* ¶¶ 15, 17.) Dart, however, turned a blind eye to the problems. (*Id.* ¶¶ 14, 16.)

The Sheriff also had an express policy that permitted detainees who were experiencing dental pain to submit a grievance that would be reviewed by a Sheriff's employee known as a "correctional rehabilitation worker" and then transmitted to a Cook County employee for processing. (*Id.* ¶ 19.) The Cook County employee's practice was to ask "the scheduling department" to schedule a dental appointment, which would be at least two weeks in the future, but neither the employee nor the scheduling department gave any priority to detainees who complained of "unbearable" dental pain. (*Id.* ¶ 20.) Dart was aware of the procedure for processing dental grievances and that it did not allow for a grievant to be seen on an emergency or expedited basis, yet turned a blind eye to the problem. (*Id.* ¶¶ 21-22.) Moreover, in accordance with a "widespread practice" of Cook County's scheduling department, plaintiff's "priority" return appointment that had been scheduled by the dentist on September 13, 2013 was ignored. (*Id.* ¶ 33.)

Furthermore, in 2013, the Sheriff had a system to identify detainees who required transportation from their housing unit to the dental clinic, but the system was flawed in that detainees who were assigned to a different housing unit after a dental appointment had been made were not taken to appointments. (*Id.* ¶¶ 28-29.) Dart had notice of the flaw in the system

4

but refused to correct it by requiring a check of any scheduled dental appointments before moving a detainee from one housing unit to another. (*Id.* ¶ 29.)

Plaintiff's *Monell* allegations can be categorized as pertaining to (1) the treatment of HSR forms; (2) the grievance process's failure to allow for emergency or expedited appointments for untreated dental pain; (3) the scheduling of dental appointments; and (4) transportation to dental appointments. In his motion, Dart first argues that plaintiff has failed to plead an unconstitutional express policy of the Sheriff that was the moving force behind his injuries and has failed to sufficiently plead any widespread practice of the Sheriff that led to a constitutional deprivation because only a "single incident" of wrongdoing—plaintiff's own experience—is alleged. (R. 61, Dart's Mem. Supp. Mot. at 6-10.)

With respect to Dart's alleged treatment of HSR forms, the Court is unpersuaded. Plaintiff has alleged that the practice at the Jail of failing to regularly pick up and review HSR forms caused him and other detainees to experience avoidable dental pain, and the Court is able to infer from the allegations about the federal monitor's findings that the practice was widespread.[2]

---

[2] Dart objects to plaintiff's use of the monitor's findings on the ground that plaintiff is "in violation of" the consent decree in *United States v. Cook County*, which provided that no person was intended to be a third-party beneficiary of *the decree's* provisions for purposes of any civil action, but Dart cites no authority to support his tenuous argument that the decree prohibits plaintiff, a non-party to that action, from relying on *the monitor's reports* to demonstrate that Dart was on notice of problems that the monitor identified. Dart also argues that plaintiff's citation of the decree is "misleading," but that is an argument that goes to the merits of plaintiff's claim, which the Court does not consider on a motion to dismiss. The Court also rejects Dart's argument that the treatment of HSR forms was a County policy that cannot be used to maintain a *Monell* claim against Sheriff Dart. Plaintiff has plausibly alleged that the Jail, which is under Dart's purview, had a widespread practice of failing to address HSRs in a timely manner.

As to the other bases for plaintiff's *Monell* claim, the Court agrees with Dart. The allegation regarding Cook County's scheduling department is not connected to Dart and is thus not a basis for a *Monell* claim against him. In addition, plaintiff alleges no facts to support the inference that it was a widespread practice to "ignore" priority appointments. Plaintiff has also alleged that Dart maintained a deficient grievance policy and a deficient transportation system that resulted in the failure to schedule emergency dental appointments and the failure to transport detainees to dental appointments after they had been moved between housing divisions. But plaintiff does not allege anything more than his own experiences. He fails to include any allegations in the Second Amended Complaint that allow an inference that there were such gaps in policy or resulting practices so widespread or persistent as to rise to the level of a policy that could fairly be attributed to Dart. *See, e.g.*, *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (stating that there is "no clear consensus" as to how frequently conduct must occur to impose *Monell* liability, except that it must be more than one instance, or even three); *Gable v. City of Chi.*, 296 F.3d 531, 538 (7th Cir. 2002) (three incidents were too few to suggest that the City had a widespread custom of which City policymakers had reason to be aware); *Karney v. City of Naperville*, No. 15 C 4608, 2015 WL 6407759, at *3-4 (N.D. Ill. Oct. 22, 2015) (dismissing *Monell* claims where plaintiff's allegations related only to his individual experience).

Accordingly, defendant Dart's motion to dismiss is granted in part and denied in part. Plaintiff will be allowed to proceed against Dart only to the extent that his *Monell* claim is based on Dart's alleged treatment of HSR forms. Plaintiff's *Monell* claims against Dart based on the grievance process, scheduling of appointments, and transportation to appointments are dismissed without prejudice.

## C. Defendants Townsend and Alexander's Motion

The Second Amended Complaint does not allege that Townsend and Alexander were personally involved with plaintiff's dental treatment. Rather, the claims against them are based on their supervisory roles. The Court dismissed the amended complaint as to these defendants because plaintiff failed to identify any conduct by a subordinate that allegedly caused plaintiff injury and to which the defendants allegedly turned a blind eye. Townsend and Alexander contend that the Second Amended Complaint still fails to state claims against them.

"Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs." *Townsend v. Cooper*, 759 F.3d 678, 688 (7th Cir. 2014) (citing, *inter alia*, *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). "To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). For a prison official to be personally liable, he or she must have participated in some way in the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *see also Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official "satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011).

The Second Amended Complaint alleges the following as to Townsend. On June 5, 2013, plaintiff submitted a grievance complaining that he had been in severe pain since March 23, 2013. (Second Am. Compl. ¶ 23.) In August 2013, Townsend "became personally responsible for reviewing all detainee grievances complaining of dental pain." (*Id*. ¶ 34.) On September 19, 2013, Townsend "learned about plaintiff's untreated dental pain and need for an extraction." (*Id.* ¶ 35.) The dentist who had examined plaintiff on September 13, 2013 had scheduled plaintiff for a "priority" return appointment for an extraction on September 20, 2013. (*Id.* ¶ 32.) The September 20 appointment was "ignored" by the scheduling department. (*Id.* ¶ 33.) Plaintiff alleges that Townsend, as the dental director, "had the power to schedule plaintiff for immediate dental care; after reviewing plaintiff's grievance, and learning about plaintiff's untreated dental pain, Townsend turned a blind eye to plaintiff's plight and refused to take any action," and as a result of Townsend's decision to "ignore" plaintiff's need, plaintiff continued to experience severe pain until a dentist saw him on December 20, 2013. (*Id.* ¶¶ 36-37.)

These allegations do not plausibly suggest that Townsend was deliberately indifferent to plaintiff's plight. The complaint does not explain how Townsend "learned about" plaintiff's pain and need for an extraction on September 19, 2013. Presumably he allegedly did so through a grievance, but the only grievance mentioned in the complaint was made in June 2013. (Second Am. Compl. ¶ 23.) At the time Townsend allegedly became aware of plaintiff's problem—September 19, 2013—plaintiff was scheduled for an extraction the following day. Plaintiff alleges that scheduling department "ignored" the September 20 appointment, but fails to connect this failure to Townsend in any way or allege that he knew about the missed appointment. The complaint also fails to allege that thereafter, Townsend had notice of the failure to keep the appointment and was alerted to an risk that the delay would cause plaintiff

unnecessary pain. Because the complaint fails to sufficiently allege a link between Townsend and the (in)action complained about, Townsend will be dismissed from this case.

As to Alexander, the Second Amended Complaint alleges that in September 2013, she "learned that the scheduling process for dental appointments at the [Jail] was delaying essential dental treatment and thereby causing detainees to experience unnecessary pain." (*Id*. ¶ 38.) She "had the power to order changes to the scheduling process and cause detainees at the Jail to receive timely dental appointments," but "turned a blind eye to the problems in the scheduling process" and "thereby caused plaintiff to experience unnecessary pain." (*Id*. ¶¶ 39-40.) These allegations are nearly identical to the previous allegations against Alexander, which, as the Court explained in its previous order, do not plausibly suggest that Alexander was deliberately indifferent to plaintiff's plight. (R. 51, Mem. Op. & Order at 6-7.)

In light of these rulings, the Court need not address Townsend and Alexander's qualified immunity argument. The dismissals of Townsend and Alexander will be with prejudice because plaintiff has had multiple opportunities to plead viable claims against them and has been unable to do so. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend and has failed to cure a defective claim).

## CONCLUSION

The motion of Thomas Dart to dismiss the Second Amended Complaint [60] is granted in part and denied in part. Plaintiff will be allowed to proceed against Dart only to the extent that plaintiff's *Monell* claim is based on Dart's alleged treatment of HSR forms. Plaintiff's *Monell* claims against Dart based on the grievance process, scheduling of appointments, and transportation to appointments are dismissed without prejudice. The motion to dismiss Ronald

Townsend and Jorelle Alexander as defendants [58] is granted. The Court dismisses Ronald Townsend and Jorelle Alexander from this action with prejudice. This case is set for a status hearing on January 26, 2016 at 9:30 a.m.

**SO ORDERED.**                                   **ENTERED:    January 8, 2016**

_____
**JORGE L. ALONSO**
**United States District Judge**